IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

GREG SHOOPS,

    PLAINTIFF,

v.

VAIL RESORTS, INC., VAIL SUMMIT RESORTS, INC. D/B/A BRECKENRIDGE SKI RESORT

    DEFENDANTS.

## COMPLAINT AND JURY DEMAND

Plaintiff Greg Shoops, by and through undersigned counsel, files this Complaint against Vail Resorts, Inc., and Vail Summit Resorts, Inc., d/b/a Breckenridge Ski Resort (hereinafter "Breckenridge" or Defendants").

### I. PARTIES, JURISDICTION, AND VENUE

1. At all times of the Complaints alleged herein, Plaintiff was a resident of and domiciled in Summit County, Colorado.

2. Defendant Vail Summit Resorts, Inc., d/b/a Breckenridge Ski Resort is a Colorado corporation and a subsidiary of Defendant Vail Resorts, Inc., a Delaware Corporation.

3. The allegations discussed in this Complaint took place in Summit County, Colorado.

4. This Court has jurisdiction under 28 U.S.C. §1331, and specifically, under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*. (ADEA).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the employment practices alleged to be unlawful were committed within the District of Colorado.

## ADMINISTRATIVE PREREQUISITES

6. Greg Shoops filed a Charge of Discrimination with the EEOC against Defendants (Charge No. 541-2021-01586) on or around April 23, 2021 alleging age discrimination under the ADEA and sex discrimination under Title VII.

7. The EEOC issued a Notice of Right to Sue on December 22, 2023, and Plaintiff has timely filed this lawsuit.

## FACTUAL ALLEGATIONS

8. At all relevant times Defendant operated, and continues to operate, a ski resort in Breckenridge, Colorado.

9. Plaintiff is an avid skier, who started skiing at 3 years old in 1960.

10. Plaintiff has especially enjoyed his seasonal employment with Defendants after retiring from a long career working in the airline and homebuilding industries.

11. Defendants hired Plaintiff on January 1st, 2009, and around 2017 promoted him to the position of Supervisor in charge of private lessons on Peak 9 and Beaver Run at Breckenridge Ski Resort.

12. Plaintiff took great joy in his job at Breckenridge Ski School. In the Supervisor position, he spent approximately 50% of his time at his desk, and 50% working with instructors and in customer service.

13. Plaintiff always received above-average performance reviews during his employment, and there was never any indication that his performance was anything less than satisfactory.

14. Plaintiff never received any verbal or written warnings during his employment, and until 2020 he was consistently asked to return for the next season.

15. The custom at Breckenridge Ski School, at least at the relevant time, was to shift Supervisors between inactive and active status as seasonal employees, if the employee and Breckenridge intended for the employee to return the next season.

16. At the conclusion of the 2019 season, performance evaluations were not conducted in the normal fashion; the mountain abruptly shut down due to the Covid-19 Pandemic.

17. At the beginning of the 2020 ski season, Breckenridge Ski School anticipated that 10 Supervisors would return for the season, including Mr. Shoops. However, due to the pandemic, Defendants determined that a reduction in force was necessary.

18. Sometime in October 2020, General Manager Mike Hafer told Mr. Shoops that he would not be permitted to continue as a Supervisor for the season, and asked if Mr. Shoops would accept a demotion to the position of Ski Instructor. Mr. Shoops said that he was not interested in doing so, but that he would be willing to keep working as a Supervisor for "$1" because he enjoyed it so much. Mr. Hafer responded, "You don't need this job," referring to Mr. Shoops' retirement status.

19. Defendants determined that three Supervisor positions would be eliminated for the 2020 ski season, and offered demotions to older Supervisors, aged 61, 63, and 64.

20. Mr. Shoops, aged 63 at the time, declined the demotion, while the other two Supervisors accepted.

21. Almost immediately thereafter, two other Supervisors, aged 64 and 57, were also demoted from the Breckenridge Ski School Supervisor position.

22. None of the younger Supervisors were asked to accept a demotion or were terminated.

23. On a videoconference call held October 22, 2020, Defendants' Senior Director of Mountain Operations, John Copeland, advised employees that "someone will let you know your fate tomorrow," referring to the reduction in force.

24. On October 23rd, 2020, after twelve years of service, Mr. Shoops was terminated in a three to four-minute conversation.

25. Though Defendants' last performance rating for Plaintiff, at the end of the 2019 season, was "average," Plaintiff was selected for this reduction in force.

26. Defendants did not offer a reason for Plaintiff's termination during this October 23, 2020, conversation, though Plaintiff asked why he was being selected. Defendants did not provide Plaintiff with any paperwork regarding the termination or who was selected as part of the reduction in force.

27. After Mr. Shoops' termination, Defendants asserted that Mr. Shoops was terminated because of a proven deficiency in performance, namely "relating to computer and technology use," and that Mr. Shoops failed to perform computer tasks and instead delegated those tasks to his peers.

28. Mr. Shoops was shocked by this false assertion; not only does he have years of professional experience working on computers, while working for Defendants he worked with his peers to ensure computer tasks were completed.

29. Negative stereotypes about older workers and their technological aptitude are ageist and harmful to society.

30. As a result of Defendants' actions, Plaintiff has suffered damages.

## FIRST CLAIM FOR RELIEF
(Age Discrimination in violation of the ADEA)

31. The foregoing allegations are realleged and incorporated by reference.

32. At the time when Plaintiff was offered either demotion or termination, he was 63 years old.

33. Defendants, in violation of the ADEA, discriminated against Plaintiff in the terms and conditions of his employment because of his age.

34. But for his age, Defendants would not have offered to demote Plaintiff.

35. But for his age, Defendants would not have terminated the Plaintiff.

36. In targeting older Supervisors for demotion, and in terminating Plaintiff, Defendants did not have a good faith reason to believe they were acting lawfully.

37. In targeting older Supervisors for demotion, and in terminating Plaintiff, Defendants knew or should have known they were acting in violation of the ADEA.

38. As a direct and proximate result of Defendants' age discrimination against Plaintiff, he has suffered damages, including, but not limited to, back pay, front pay, and other pecuniary damages.

39. Plaintiff is entitled to recover his actual damages, liquidated damages, and attorney fees under the ADEA.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that this Honorable Court enter a judgement for the Plaintiff as follows:

   a.  An award of actual damages in amount to be determined at trial, including lost wages, and

 b. Non-economic damages for emotional distress, mental pain and suffering, inconvenience, emotional stress, fear, anxiety, embarrassment, humiliation, back pay, and front pay;

 c. An award of reasonable attorneys' fees and costs;

 d. An award of Plaintiff's pre- and post-judgment interest; and

 e. Ordering such and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted 20th day of March, 2024.

/s/ *Rachel E. Ellis*
Rachel E. Ellis
Livelihood Law, LLC
12015 E. 46th Avenue, Suite 240
Denver, CO 80239
Phone: (720) 465-6972
Email: ree@livelihoodlaw.com

6